[Doc. No. 1]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

JAMES KAILIE,

          Plaintiff,

    v.

OFC. SWEET and BRIGANTINE
POLICE DEPARTMENT,

          Defendants.

Civil No. 13-4792 (RBK/AMD)

**ORDER**

      THIS MATTER comes before the Court by way of application of *pro se* Plaintiff James Kailie for appointment of *pro bono* counsel pursuant to 28 U.S.C. § 1915(e)(1) (see Application for Pro Bono Counsel 28 U.S.C. § 1915(e)(1) (hereinafter, "Pl.'s Mot.") [Doc. No. 1-1]); and

      THE COURT NOTING that, on August 9, 2013, Plaintiff filed the initial complaint in this action and an application to proceed *in forma pauperis*. (See Complaint Received [Doc. No. 1].) By Order dated August 28, 2013, the District Court granted Plaintiff's application to proceed *in forma pauperis*, and directed the Clerk of the Court to file Plaintiff's complaint (see Order [Doc. No. 2], Aug. 28, 2013, 1); and

1

THE COURT FURTHER NOTING that Plaintiff's application asserts that Plaintiff presently remains "unemployed[,]" "on disability funds[,]" and unable to "afford an attorney at this time" (Pl.'s Mot. [Doc. No. 1-1], 3 on the docket); and

THE COURT FURTHER NOTING that, "[i]ndigent civil litigants possess neither a constitutional nor a statutory right to appointed counsel[.]" Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002) (citing Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997)). Congress, however, has granted courts "statutory authority to 'request' appointed counsel for indigent civil litigants." Montgomery, 294 F.3d at 498 (quoting 28 U.S.C. § 1915(e)(1)). Courts accordingly possess "broad discretion" to determine whether to appoint counsel in a civil case. Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994). However, courts must "exercise their broad statutory discretion discerningly" in recognition of the "finite" quantity "of qualified attorneys" willing to undertake *pro bono* representation. Montgomery, 294 F.3d at 505 n.10 (citing Tabron, 6 F.3d at 156 (noting the "significant practical restraints on the district courts' ability to appoint counsel," including "the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of

2

competent lawyers who are willing to undertake such representation without compensation")). Courts must therefore consider, as a threshold matter, the meritorious nature of the indigent's civil case in order to ensure "the appropriate allocation of limited legal resources[.]" Montgomery, 294 F.3d at 505 n.10. Id. If the claims set forth in the action have sufficient factual and legal merit, courts then turn to the factors set forth in Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994):

> (1) Movant's ability to present his or her own case;
> (2) Difficulty or complexity of the legal issues involved in the case;
> (3) Degree to which factual investigation will be required of the movant in order to present the case and the ability of the indigent movant to pursue such discovery;
> (4) Whether and to what extent the case is likely to turn on credibility determinations;
> (5) Whether expert testimony will be required in presenting the case; and
> (6) Whether movant is able to retain and afford counsel on his or her own behalf.

Tabron, 6 F.3d at 156–157 (hereinafter, "the Tabron factors"). However, no one factor is determinative in considering the appointment of counsel. Id. at 157; see also Montgomery, 294 F.3d at 499; and

IT APPEARING TO THE COURT that Plaintiff's present

application fails to demonstrate circumstances sufficient to warrant the appointment of *pro bono* counsel. (See generally Pl.'s Mot. [Doc. No. 1-1].) Notably, Plaintiff's present application addresses only one of the factors set forth in Tabron v. Grace, 6 F.3d 147, 156-57 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994). (Id. at 3 on the docket ("I cannot afford [attorney's] fees.").) Plaintiff's indigence does not, without more, warrant appointment of *pro bono* counsel at this time. See Clinton, 2009 WL 2230938, at *1 n.4 ("While indigence is a prerequisite for the appointment of counsel, indigence alone does not warrant appointment of counsel absent satisfying other Tabron factors."); and

IT FURTHER APPEARING that, although Plaintiff may file a renewed application for the appointment of counsel, Plaintiff must supply more information than set forth in the present application. Plaintiff must address, with specificity, each of the following factors: (i) Plaintiff's specific claims against Defendants, including facts and a legal basis upon which his contentions are based; (ii) specific reasons why Plaintiff is unable to present an effective case without an attorney; (iii) what investigation, if any, Plaintiff will be unable to accomplish in the preparation of this case; (iv) the difficulty of the legal issues at hand; (v) whether the case will turn on

4

credibility determinations; (vi) whether expert testimony will be necessary; and (vii) Plaintiff's ability to retain and afford counsel.  See Tabron, 6 F.3d at 156-57.

CONSEQUENTLY, for the reasons set forth herein, and for good cause shown,

IT IS on this 4th day of April 2014,

**ORDERED** that Plaintiff's application [Doc. No. 1-1] for appointment of *pro bono* counsel shall be, and hereby is, **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that any renewed application for appointment of counsel shall address, with specificity, the factors set forth in Tabron v. Grace, 6 F.3d 147, 156-57 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994).

s/ Ann Marie Donio_____
ANN MARIE DONIO
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Robert B. Kugler

5